*Huanga Huanga v. Garland*

BIA
Conroy, IJ
A219 018 176

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand twenty-four.

PRESENT:
> GERARD E. LYNCH,
> STEVEN J. MENASHI,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

LUIS KLEVER HUANGA HUANGA,
> *Petitioner*,

> v.                                                                     22-6526

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**             Steven Haskos, Law Office of Craig Relles, White Plains, NY.

**FOR RESPONDENT:**             Brian M. Boynton, Principal Deputy Assistant Attorney General; Linda S. Wernery, Assistant Director; Thankful T. Vanderstar, Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Luis Klever Huanga Huanga, a native and citizen of Ecuador, seeks review of a November 1, 2022, decision of the BIA affirming a March 24, 2022, decision of an Immigration Judge ("IJ") denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Luis Klever Huanga Huanga,* No. A219 018 176 (B.I.A. Nov. 1, 2022), *aff'g* No. A219 018 176 (Immig. Ct. N.Y. City Mar. 24, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA, and do not address the particularly-serious-crime finding that the BIA declined to reach. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d

2

Cir. 2005). We review factual findings for substantial evidence and questions of law and the application of law to fact *de novo*. *See Ojo v. Garland*, 25 F.4th 152, 159 (2d Cir. 2022). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). The agency did not err in finding that Huanga Huanga failed to establish his eligibility for either withholding of removal or CAT relief based on past harm he suffered on account of his sexual orientation, or based on fear of future harm he might suffer on account of his sexual orientation or his marriage to a man of African heritage.

## I.  Withholding of Removal

"[T]he Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). An applicant for withholding of removal under this provision must establish "that it is more likely than not that he or she would be subject to persecution in the country to which the [applicant] would be removed and must demonstrate that race, religion, nationality, membership in a particular social group, or political opinion

3

was or will be at least one central reason for the claimed persecution." *Singh v. Garland*, 11 F.4th 106, 114 (2d Cir. 2021) (citation and quotation marks omitted); *see also* 8 C.F.R. § 1208.16(b). To constitute persecution, the harm must be inflicted either by the government itself or by private parties that "the government is unable or unwilling to control." *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015).

The agency denied withholding of removal solely because Huanga Huanga failed to show that the Ecuadorian government was, or will be, "unable or unwilling to control" his past persecutors or potential future persecutors. Accordingly, we address only this "unable or unwilling to control" finding. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 117 (2d Cir. 2007) ("[A] denial of immigration relief stands or falls on the reasons given by the IJ or BIA because it would usurp the role of the agency for a reviewing court to assume a hypothetical basis for the IJ's determination, even one based in the record." (citation and quotation marks omitted)), *abrogated on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411 (2023).

"Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated

4

a complete helplessness to protect the victims." *Singh*, 11 F.4th at 114–15 (citation and quotation marks omitted). "[F]ailure to report harm is not necessarily fatal to a claim of persecution if the applicant can demonstrate that reporting private abuse to government authorities would have been futile or dangerous." *Matter of C-G-T-*, 28 I. & N. Dec. 740, 743 (B.I.A. 2023) (citation and quotation marks omitted); *cf. Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593 (2d Cir. 2021) (holding that "failure to ask for police help is not enough, by itself, to preclude a finding of acquiescence" to torture). Further, "[a] showing that the applicant was a victim of past persecution creates a presumption that a well-founded fear of future persecution exists." *Pan*, 777 F.3d at 543.

There is no merit to Huanga Huanga's argument that the agency applied an overly stringent unable-or-unwilling standard. *See Scarlett v. Barr*, 957 F.3d 316, 333 (2d Cir. 2020) (rejecting argument that a "'complete helplessness to protect' formulation is a new, heightened requirement . . . of the 'unwilling or unable' standard"); *see also Singh*, 11 F.4th at 114-15 ("Under the unwilling-or-unable standard, 'a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to

protect the victims.'"   (quoting *Galina v. INS*, 213 F.3d 955, 958 (7th Cir. 2000))).

Substantial evidence supports the agency's conclusion that Huanga Huanga did not establish that the Ecuadorian government was unable or unwilling to control his persecutors.   The agency recognized that failure to report an attack does not preclude an unable-or-unwilling finding, but it did not err in concluding that Huanga Huanga had presented no individualized evidence that the police had refused or would have refused to assist him.   *See Singh*, 11 F.4th at 114–15; *cf. Quintanilla-Mejia*, 3 F.4th at 593 (concluding that the agency was not compelled to find acquiescence where a petitioner gave police the wrong information, and country conditions evidence reflected efforts to combat gang violence). Huanga Huanga therefore failed to establish *past* persecution as defined for purposes of withholding of removal.

Consequently, Huanga Huanga's argument that the agency should have applied a presumption of future persecution is misplaced.   Although the agency found that he suffered harm that was severe enough to meet the definition of persecution, he failed to show that the Ecuadorian government was unable or unwilling to protect him from that harm.   *See Pan*, 77 F.3d at 543-44.   By not showing *past* persecution, he was not entitled to the presumption of a likelihood

6

of *future* persecution.   *See* 8 C.F.R. § 1208.16(b)(1)(i); *Pan*, 777 F.3d at 543–44.

Substantial evidence also supports the agency's conclusion that Huanga Huanga did not establish that the Ecuadorian government would be unable or unwilling to control his persecutors in the future. The agency acknowledged current discrimination against LGBTQI individuals and claims that police and prosecutors have not adequately investigated the deaths of members of the LGBTQI community.   But it also noted evidence that government officials were responsive to the community's concerns and that Ecuador has legalized same-sex marriage, banned conversion therapy, and closed over a hundred conversion clinics.   On this record, and given the absence of evidence describing incidents of officials condoning or being helpless to protect members of the LGBTQI community, the agency did not err in concluding that Huanga Huanga failed to satisfy his burden for withholding of removal.   *See Singh*, 11 F.4th at 114–15.

## II.    CAT Relief

"Analysis of a CAT claim boils down to a two-step inquiry."   *Garcia-Aranda v. Garland*, 53 F.4th 752, 758 (2d Cir. 2022).   The applicant must first show a likelihood, or "greater than a fifty percent chance," that he will be tortured.   *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 n.20 (2d Cir. 2003); *Garcia-Aranda*, 53 F.4th

7

at 758. The applicant must next show that the torture will be inflicted by or with the acquiescence of a government official. *See* 8 C.F.R. § 1208.18(a)(1); *Garcia-Aranda*, 53 F.4th at 759; *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004). CAT relief "must be considered in terms of the aggregate risk of torture from all sources, and not as separate, divisible claims." *Matter of J-R-G-P-*, 27 I. & N. Dec. 482, 484 (B.I.A. 2018) (citation and quotation marks omitted).

In assessing whether Huanga Huanga established a likelihood of torture, the IJ considered the harm he suffered when he was beaten in 2005 and the ongoing verbal harassment he faced before leaving Ecuador in 2008. The IJ reasonably noted, however, that Huanga Huanga did not show that any of the classmates, neighbors, or unidentified men who had harassed or attacked him remained interested in harming him now. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best."). The IJ further acknowledged evidence of harassment and discrimination against members of the LGBTQI community and racial minorities but did not err in concluding that such incidents did not amount to torture. *See Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 567 (2d Cir. 2006) ("[T]orture requires proof of something more severe than the

8

kind of treatment that would suffice to prove persecution."); *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006) (providing that "persecution does not encompass mere harassment"). The IJ also recognized evidence of the murders of transgender women in Ecuador but reasonably noted that the evidence did not discuss murder of individuals similarly situated to Huanga Huanga. Finally, as the IJ explained, the record also included only two incidents of racial discrimination or racially-motivated violence against Afro-Ecuadorians by police officers. Because the record does not reflect specific incidents of torture of similarly situated individuals, and reports only two incidents of police discrimination against members of a racial minority, the agency was not compelled to conclude that Huanga Huanga would more likely than not be tortured. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *see also Mu-Xing Wang*, 320 F.3d at 144. We find no merit to Huanga Huanga's argument that the agency failed to consider potential risks of torture in the aggregate. *See Matter of J-R-G-P-*, 27 I. & N. Dec. at 484.

The failure to establish a likelihood of torture is dispositive of CAT relief; accordingly, we do not reach Huanga Huanga's challenge to the agency's alternative finding that he failed to show that Ecuadorian officials would likely

9

acquiesce in such torture. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court